IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCQUAL ANDREWS,<br><br>    Plaintiff,<br><br>    v.<br><br>SHANIKA HERRON, JANICE JENKINS, and JACKIE DAVIDSON,<br><br>    Defendants. | Case No.: 1:11-cv-01668 LJO JLT<br><br>FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Docs. 1-2) |

Marcqual Andrews ("Plaintiff") is a seeks to proceed *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff initiated this action by filing a motion to proceed *in forma pauperis*, a Civil Cover Sheet and Complaint on October 3, 2011. (Docs. 1-2).

For the following reasons, the Court recommends Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED** and Plaintiff's Complaint (Doc. 1) be **DISMISSED WITHOUT LEAVE TO AMEND**.

**I.  Screening Requirement**

When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which

relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible . . ." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Because Plaintiff is unable to state claim upon which relief can be granted, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED**.

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). *Pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

1  *Iqbal*, 129 S.Ct. at 1949. Where the factual allegations are well-pled, a court should assume their
2  truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the
3  pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that the
4  complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that
5  deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-
6  28 (9th Cir. 2000) (en banc).

**III. Plaintiff's § 1983 Claim**

According to Plaintiff's "Civil Cover Sheet," he seeks to assert a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1-1). An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. Thus, § 1983 does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A plaintiff must allege a specific injury and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a connection shown where a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). As with other claims, conclusory allegations unsupported by facts are insufficient to state a claim under § 1983. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

**A. Plaintiff's Factual Allegations**

Plaintiff asserts this action under § 1983 against Shanika Herron, Janice Jenkins, and Jackie Davidson (collectively, "Defendants"). (Doc. 1 at 1). Plaintiff asserts Ms. Herron "made a false police report on [him] many of times" in which she reported Plaintiff choked her, threatened her, and stole her car. *Id.* at 2. Plaintiff asserts these accusations resulted in his incarceration, which caused

him stress and aggravation. *Id.* Plaintiff states that he would like Defendants "investigated . . . and possibly incarserated (sic)." *Id.*

### B. Discussion and Analysis

Importantly, to plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

From his factual allegations, Plaintiff raises a claim for malicious prosecution under § 1983 for the accusations made by Ms. Herron which resulted in his incarceration. "Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004), citing *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002). To prevail on claim of malicious prosecution under § 1983, Plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). In addition, Plaintiff must show "the prior proceedings terminated in such a manner as to indicate his innocence." *Awabdy*, 368 F.3d at 1069.

Plaintiff has not alleged Defendants acted with malice and without probable cause, and for the purpose of denying his constitutional rights. Further, though Plaintiff names Ms. Jenkins and Ms. Davidson as defendants in the action, Plaintiff fails to make factual allegations that link their actions to a violation of his rights. Plaintiff failed to provide information regarding prior proceedings, or whether the proceedings have terminated. Most notably, Plaintiff fails to allege Defendants acted under the color of state law as required to state a claim under § 1983. Finally, the Court notes that Plaintiff is currently incarcerated, leading to the assumption that the criminal proceedings have not terminated in his favor. Consequently, Plaintiff's Complaint fails to state a claim upon which relief may be granted by the Court.

///

///

### IV. Findings and Recommendations

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  As a result, leave to amend should be denied "if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

Plaintiff has failed to state a claim for relief under § 1983.  Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *Noll*, 809 F. 2d at 1448-49.  Accordingly, it is **HEREBY RECOMMENDED**:

1. Plaintiff's motion to proceed in forma pauperis be **DENIED**;
2. Plaintiff's Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**; and
3. This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 25, 2011**                               /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE